*Ripley & Conrad* for the plaintiff, *M·Caleb* for the defendant.

---

## LAPORTE vs. LANDRY.

APPEAL from the court of the second district.

PORTER, J. delivered the opinion of the court.—This is an action against the endorser of a promissory note. The plaintiff was nonsuited in the inferior court, because he failed to give legal evidence of the notice of protest.

A certificate of protest is not good, unless it states in what post-office the notice was put.

A waiver of the want of notice cannot be inferred.

The only evidence which the record exhibits of notice, is a certificate on the protest in the following words: " This 4th day of October, I put, myself, at the post-office, a letter notice of the above protest, to Narcisse Landry," signed " Carlier Doutremer, judge and notary public." The judge *a quo*, thought

LAPORTE,
*vs.*
LANDRY.

this insufficient, and we concur with him. Without expressing an opinion on all the objections made to it by defendant's counsel, we think that which is drawn from the omission, to state in what post-office the notice was put, fatal. The statute under which this right of establishing the responsibility of endorsers by the certificate of a notary public is claimed, makes a great change in the rules of evidence, and those who claim the benefit of it, must take care and bring themselves strictly within its provisions.—*Acts of* 1821, 44. *Fougard* vs. *Tourregard, vol.* 3, 464.

A certificate of notice of protest is not good, unless it states in what post-office the notice was put.

A waiver of the want of notice cannot be inferred.

The other testimony in the case, does not supply this defect. Doutremer says, that when he applied to the defendant, he refused to renew the note because he wished to force the drawer, Bringier, to pay the same. This, in our opinion, is not sufficient to establish a waiver of notice. The abandonment of the right, acquired by the want of it, should be clearly and unequivocally made out. Chitty

says it must be express, and cannot be *inferred.* *Chitty on bills, ed.* 1821, 309. 5 *Johnson,* 375. 12 *ibid.* 423.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Morphy* for the plaintiff, *Conrad* for the defendant.